UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS L. YOUNG,

    Plaintiff,

v.

    Case No. 11-CV-12613
    HON. GEORGE CARAM STEEH

BAC HOME LOANS SERVICING, LP,
and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Defendants.

_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS (#2)

On May 26, 2011, plaintiff filed a complaint against defendants in Sanilac County Circuit Court challenging his mortgage foreclosure. In his complaint, plaintiff asserts: (1) violation of MCL 600.3205a; (2) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq.; (3) misrepresentation and/or fraud; and (4) injunctive relief. On June 16, 2011, defendants removed the case to this court. On June 22, 2011, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response, in which he consents to the dismissal of his Equal Credit Opportunity Act claim (Count II) and his fraud/misrepresentation claim (Count III). Defendants filed a reply in support of their motion. Oral argument occurred at a hearing on the motion on August 29, 2011. For the reasons that follow, the court GRANTS defendants' motion to dismiss and DISMISSES the case.

BACKGROUND

On December 15, 2006, plaintiff obtained a loan from Countrywide Home Loans, Inc. and granted a mortgage on his property at 4310 Chevington Road, Deckerville, Michigan to Mortgage Electronic Registration Systems, Inc. ("MERS"), as security for the loan. MERS assigned its interest in the mortgage to BAC Home Loans Servicing, LP ("BAC"), the servicer of the loan. In December 2010, plaintiff became late on his loan payments. Plaintiff failed to cure his default and BAC initiated foreclosure proceedings.

Before the foreclosure sale, on February 11, 2010, BAC's foreclosure counsel served plaintiff with notice of default. The notice states Potestivo & Associates, P.C. is the designee of the bank with authority to make agreements under MCL 600.3205b and MCL 600.3205c and provides contact information for Potestivo. The notice also states:

> Pursuant to MCL 600.3205a(1): Within 14 days after this notice is sent, you may request a meeting with Potestivo & Associates, P.C. to attempt to work out a modification of the mortgage loan to avoid foreclosure and may also request a housing counselor attend the meeting. If you request a meeting, foreclosure proceedings will not commence until at least 90 days after this notice is mailed to you.

In his complaint, plaintiff does not allege that he contacted Potestivo & Associates, P.C. or a Michigan State Housing Development Authority approved housing counselor. Instead, he alleges he "hired a licensed loan modification company to attempt to work out a loan modification with Defendant." Along with his response to the motion to dismiss, plaintiff attaches an affidavit from Robert Michon from the Foreclosure Resolution Center. Michon attests he and plaintiff contacted Potestivo & Associates by telephone on February 26, 2011 in response to the notice letter, were transferred to "Ashley", and left a detailed voicemail requesting a meeting with the lender and including plaintiff's name, address,

social security number, and contact information.

On April 15, 2010, BAC bought the property at the foreclosure sale. The redemption period expired April 15, 2011. On May 26, 2011, plaintiff filed this action seeking to invalidate the foreclosure. Plaintiff alleges BAC failed to meet with him to discuss a loan modification and failed to give him a written statement of the reasons why he was denied a loan modification.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, — U.S. —; 129 S.Ct. 1937, 1951 (2009). Id. The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." If the

motion is treated as one for summary judgment, all parties must be given a reasonable opportunity to present all the material that is relevant to the motion. The court may also, in its discretion, choose to exclude the additional materials and proceed in evaluating the motion under Rule 12(c).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

ANALYSIS

Claim for Violation of MCL 600.3205a

In Count I of his complaint, plaintiff alleges "US Bank and ASC have failed or refused to provide Plaintiff with a mediation or with the required notices and modification information and opportunities in violation of The Statute." Defendants argue plaintiff's claim fails because: (1) he fails to name BAC or FNMA in the allegations asserting violations of the statute; (2) BAC provided plaintiff with the notice required under MCL 600.3205a; (3) plaintiff failed to allege a violation of MCL 600.3205b; and (4) the claim is untimely. In his

response brief, plaintiff claims he and his representative followed up on the notice provided by contacting Potestivo & Associates. He also claims the notice provided did not comply with the statute. Plaintiff failed to respond to the remainder of defendants' arguments.

First, plaintiff argues he and his representative, Michon, contacted Potestivo & Associates on February 26, 2011 and requested a meeting as outlined in MCL 600.3205(a)(1)(e). As a result of this request, plaintiff claims, foreclosure proceedings should not have been commenced for 90 days. However, even accepting the information provided in Michon's affidavit as true, plaintiff did not comply with the statute by requesting a meeting <u>within 14 days.</u> During oral argument on this matter, plaintiff's counsel admitted that plaintiff was a day late in reaching out to Potestivo & Associates. Plaintiff claims he "substantially complied" with the statute but provides no authority suggesting substantial compliance is adequate. Instead, plaintiff's counsel represented he "feels" the court has discretion on this issue. However, when discussing defendants' compliance with the statute, plaintiff argues "that when it comes to foreclosure, statutes must be interpreted literally." Therefore, even considering Michon's affidavit, plaintiff's first argument fails because plaintiff failed to reach out within 14 days of the mailing.

Second, plaintiff claims the notice letter did not comply with MCL 600.3205a because it did not include a "list of housing counselors prepared by the Michigan state housing development authority" and did not designate a person to contact with authority to make agreements. However, the notice states "[e]nclosed is a list of housing counselors prepared by the Michigan State Housing Development Authority." Defendants attached, to their reply brief, the list of housing counselors provided along with the notice on February 11, 2010. The notice also designated a person to contact with authority to make

agreements. The notice represents that Potestivo & Associates, P.C. is the designee of the bank "with authority to make agreements under MCL 600.3205b and MCL 600.3205c" and provided a mailing address and telephone number. Plaintiff fails to explain how such designation is insufficient.

Moreover, even if plaintiff were able to establish a claim, plaintiff lacks standing to assert an interest in the property. In Michigan, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942). The former owner therefore lacks standing to assert claims with respect to the property. Overton v. Mortgage Electronic Registration Systems, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009).

In Overton, the Michigan Court of Appeals affirmed a grant of summary disposition in favor of a party who purchased a foreclosed parcel of property at a Sheriff's Sale. 2009 WL 1507342, at *1. In that case, the defendants argued that the plaintiff lacked standing to assert that defendants committed fraud in connection with the foreclosure because the plaintiff no longer had any interest in the property once the redemption period expired. The Court of Appeals agreed:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187; 4 NW2d 514 (1942); MCL

600.3236.

Id. In this case, the redemption period expired on April 15, 2011. At that time, plaintiff's rights in the property were extinguished. As plaintiff has not shown that he comes within the "clear showing of fraud, or irregularity" exception noted in Overton, plaintiff lacks standing to bring claims related to the property.

Injunctive Relief Claim

Plaintiff's fourth claim, inadvertently labeled "Count VI", seeks injunctive relief. Injunctive relief is not a separate cause of action, but rather a type of relief the court may grant. See Terlecki v. Stewart, 278 Mich. App. 644, 663 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action.") "It is not the remedy that supports the cause of action, but rather the cause of action that supports the remedy." Id. (internal quotations and citations omitted). Because plaintiff has failed to allege any other cause of action, as discussed above, his claim for injunctive relief fails as well.

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED.

Dated: January 10, 2012

                                              S/George Caram Steeh  
                                              GEORGE CARAM STEEH  
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk